VIRGINIA:
IN THE ARLINGTON COUNTY CIRCUIT COURT

JESUS SIMBULAN FLORES )
    6104 Knollwood Dr. )
    Falls Church, VA 22041 )
     )
    Plaintiff, )
     )
v. )
     )
HARLEY COLIN MUSE )
    532 Bridges Creek Rd. )
    Colonial Beach, VA 22443 )
     )
    and )
     )
UBER TECHNOLOGIES, INC. )
serve: CT Corporation System, Registered Agent )
    4701 Cox Rd., Ste 285 )
    Glen Allen, VA 23060-6808 )
     )
    and )
     )
RASIER, LLC )
serve: CT Corporation System, Registered Agent )
    4701 Cox Rd., Ste 285 )
    Glen Allen, VA 23060-6808 )
     )
    and )
     )
UBER USA, LLC )
serve: CT Corporation System, )
    Registered Agent )
    4701 Cox Rd., Ste 285 )
    Glen Allen, VA 23060-6808 )
     )
    Defendants. )

CL21- 5174

RECEIVED 2021 DEC 27 PM 12:33
PAUL FERGUSON, CLERK
ARLINGTON CIRCUIT COURT

## COMPLAINT

**COMES NOW**, the Plaintiff, JESUS SIMBULAN FLORES, by counsel, demanding judgment against Defendants HARLEY COLIN MUSE, UBER


DEFENDANT'S EXHIBIT 1

1

TECHNOLOGIES, INC., RASIER, LLC, and UBER USA, LLC and for his grounds states as follows:

1. Defendant HARLEY COLIN MUSE ("Muse") is a resident of Virginia.

2. Defendant Uber Technologies, Inc., is a corporation incorporated pursuant to the laws of the State of Delaware, with its principal place of business located in San Francisco, California. Upon information and belief, Defendant Uber USA, LLC and Defendant Rasier, LLC are limited liability companies organized pursuant to the laws of the State of Delaware, with their principal place of business located in San Francisco, California, and are wholly owned subsidiaries of Defendant Uber Technologies, Inc.

3. At approximately 6:12 PM, on or about January 13, 2020, the Plaintiff Jesus Simbulan Flores ("Flores") was lawfully walking in a southerly direction, across N. 19th Street at its intersection with N. Lynn Street in Arlington, Virginia. The Plaintiff was in the crosswalk and had the walk sign.

4. At the relevant time, the Defendant, HARLEY COLIN MUSE ("Muse"), negligently operating a vehicle turning left onto N. 19th form northbound N. Lynn Street, struck the Plaintiff Flores, knocking him to the pavement and injuring him severely.

5. At all relevant times, it was the Defendant Muse's duty to operate the vehicle he was driving without negligence and in a manner that was reasonable under the existing circumstances and conditions.

6. Despite the aforesaid duties, the Defendant was negligent by:

    a. failing to pay full time and attention to the road;

    b. failing to yield the right of way;

    c. failing to maintain a proper lookout;

      d.      exceeding a reasonable speed under the existing circumstances and conditions;

      e.      failing to maintain proper control of the vehicle he was driving;

      f.      hitting a pedestrian; and

      g.      violating Va. Code § 46.2-924.

7. At the relevant times, Defendant Muse was acting as an agent of, on behalf of, as a servant of, and within the scope of his employment with Defendants Uber Technologies, Inc., Uber USA, LLC and Rasier, LLC.

8. Upon information and belief, there is a unity of interest and operation between Defendant Uber Technologies, Inc., Defendant Uber USA, LLC and Defendant Rasier, LLC such that their separate independent classification is a fiction in that each is the alter ego of the other.

9. All named Defendants are liable for the acts of each other through the principles of respondeat superior, agency, ostensible agency, partnership, joint venture, alter ego, and other forms of vicarious liability.

10. At the relevant times, Defendant Uber Technologies, Inc., Defendant Uber USA, LLC and Defendant Rasier, LLC (collectively "Uber") provided transportation for hire services using motor vehicles.

11. At relevant times, Muse had accepted an Uber ride request and was driving a customer of Uber.

12. At the relevant times, Uber selected, screened and engaged Muse, paid him, held power to dismiss him, set his fares and controlled the means and methods of his work. Defendant Muse was required to abide by Uber's code of conduct or face

dismissal. He was required to use the Uber app, abide by Uber's standards for cleanliness, vehicle type, mechanical functioning of his vehicle, and follow Uber's rules regarding tipping, fares, minimum timeframes, and acceptance rates for ride requests. Uber controlled Muse's conduct, including contact and communications with passengers, and instructed him on how to modify his behavior. Uber maintained exclusive control over customer payment. Muse received a percentage of the fares collected by Uber, while Uber kept the remaining percentage for itself. At the relevant times, Uber had Defendant Muse under electronic surveillance and used the data it collected on Muse as part of a sophisticated program to control him, including in real time. Uber directed Muse to areas where Uber needed drivers and selectively controlled the flow of information to him to manipulate him for the benefit of Uber. At the relevant times, Uber had the power to control Muse.

13. As a foreseeable, direct and proximate result of the negligence and aforementioned acts and omissions of the Defendants, the Plaintiff suffered personal injury, including:

      a. physical pain and mental anguish in the past and future;

      b. inconvenience in the past and future;

      c. loss of enjoyment of life in the past and future;

      d. medical expenses in the past and future;

      e. bodily injury and personal injury;

      f. disability and impairment in the past and future;

      g. disfigurement and deformity;

      h. humiliation and embarrassment in the past and future; and

      i.      lost earnings and earning capacity.

**WHEREFORE**, the Plaintiff, JESUS SIMBULAN FLORES, by counsel, demands judgment for personal injury against the Defendants HARLEY COLIN MUSE and UBER TECHNOLOGIES, INC. and RASIER, LLC and UBER USA, LLC, jointly and severally, in the amount of $3,000,000.00 (three million dollars), prejudgment interest from January 13, 2020, under Va. Code § 8.01-382; plus his taxable costs; a jury trial on all issues; and any other relief this Honorable Court deems just and proper.

Respectfully Submitted,
JESUS SIMBULAN FLORES
By counsel

_____
Stephen M. Terpak
VSB# 45926
Sutter & Terpak, PLLC
7540 Little River Tnpk.
Suite A, First Floor
Annandale, VA 22003
Ph: (703) 256-1800
Fax: (703) 991-6116
steve@sutterandterpak.com
Counsel for Plaintiff